[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 122
The plaintiff, Deszreen Mitchell, filed a four-count complaint against the defendants, Otis Elevator Co. (Otis), Payne Elevator Co., Golden Hill Partners and Cushman Wakefield of Connecticut, Inc. on November 20, 1996. The plaintiff alleges the following facts. Some time prior to October 20, 1994, Otis sold an elevator to the owners of the premises located at 144 Golden Hill Street, Bridgeport. On October 20, 1994, the plaintiff, while on the premises as a business invitee, became trapped on the elevator between floors for an hour. The plaintiff was eventually pulled from the elevator by her hands and arms, causing her injury. The plaintiff alleges in count one a products liability claim against Otis pursuant General Statutes §52-572m, as well as a claim that maintained the elevator in a defective condition. The plaintiff alleges in count two a products liability claim against Payne Elevator Co. The plaintiff CT Page 7575 alleges in count three a premises liability claim against Golden Hill Partners as owners of the premises. The plaintiff alleges in count four a premises liability theory against Cushman 
Wakefield of Connecticut, Inc. as the property manager of the premises.
On April 29, 1998, Otis filed a motion for summary judgement as to count one of the complaint. No other party has filed a response to Otis' motion. The matter was heard by the court on May 18, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucciv. Royal Park Limited Partnership, 243 Conn. 522, 554, ___ A.2d ___ (1998). Where a party moves for summary judgement and there are no contradictory affidavits, the court may properly decide the motion by looking only to the sufficiency of the movant's affidavits and other proof. Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995).
 A. Statute of Limitations: Products Liability Claim
Otis argues that the products liability statute limitations bars the plaintiff's claim against it, because pursuant to General Statutes § 52-577a(a),[1] no products liability claim can be brought against any party later than ten years from the date that party last parted with possession or control the product. Otis argues that the subject elevator was manufactured and installed in 1925, greater than ten years before the date of the plaintiff's alleged injury. Otis submitted the affidavit of Ted Jeffries, an elevator maintenance supervisor for Otis, stating the same, as well as a service record card indicating a "date completed" of 1925. (Motion For Summary Judgment, Affidavit of Jeffries; Exhibit A). The CT Page 7576 affidavit and service card also reflect the fact that for year after completing the elevator, and from 1946 to 1963, Otis provided maintenance for the elevator. (Motion For Summary Judgment, Judgment, Affidavit of Jeffries; Exhibit A).
While the subject elevator was manufactured and installed greater than ten years from the date of the plaintiff's alleged injury, Otis has failed to submit documents showing that General Statutes § 52-577a(c) does not apply to the facts. General Statutes § 52-577a(c) provides in pertiment part: "The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided claimant can prove that the harm occurred during the useful safe life of the product." "[W] hether the useful safe life' of the product had expired prior to the injury is a material fact because it will make a difference in the outcome of the case by being the deciding factor in the determination as to whether the statute of limitations bars the action." Pasacreta v. Cityof Milford, Superior Court, judicial district of Ansonia/Milford Milford, Docket No. 036736 (May 27, 1993, Flynn, J.) (8 C.S.C.R. 656). Therefore, a material issue of fact exists concerning whether the ten year statute of limitations in §52-577a(a) is applicable, and Otis' motion for summary judgment as to the products liability claim in count one is denied.
 B. Statute of Limitations: Negligence Claim
Otis argues that the plaintiff's claim that Otis is liable for maintaining the elevator in a defective condition is barred by the three year statute of limitations found in General Statutes § 52-584, which provides in part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." Otis argue that it has not maintained the elevator since 1963, and that since March 1, 1990, the elevator has been maintained through a full maintenance service contract by a third party. Ted Jeffries, Otis' maintenance supervisor, attests that Otis has not served or maintained the elevator since 1963. (Motion For Summary Judgment, Affidavit of Jeffries). CT Page 7577
More than three years have passed since Otis' alleged or omission of negligent repair to the elevator, which could have occurred subsequent to May 8, 1963. (Motion For Summmary Judgment, Exhibit A). Therefore, the plaintiff's negligence claim in count one against Otis is barred by the statute of limitations in § 52-584.[2]
Defendant Otis' motion for summary judgment is granted as to the plaintiff's negligence claims against Otis contained in Count 3 of plaintiff's complaint as said claims barred by the applicable statutes of limitation. The motion for summary judgment is denied as to the plaintiff's products liability claims in Counts 1 and 2 as there is a genuine issue of material fact as to whether the exception to the ten year statute of limitations applies. See DeLaurentis v. New Haven,220 Conn. 225, 255 n. 15, 597 A.2d 807 (1991) (Practice Book § 386, now Practice Book (Rev. 1998) § 17-51, authorizes severance claims and partial summary judgments).
David W. Skolnick, Judge